Cox *v.* Crumley.

5L 529
11L 87
11L 103

## ELBERT S. COX *v.* JAMES CRUMLEY.

1. EVIDENCE. *Trespass.   Damages.*   In an action of trespass *quare clausum fregit* alleging personal injuries in aggravation of damages it was competent for plaintiff to show defendant's complicity in outrages upon other parties, which, it was claimed, bore directly upon the guilt of the defendant in the traspass upon plaintiff.

2. PRACTICE AND PLEADINGS. *Principal liable for acts of agent.*   Whoever procures or commands another to do or commit a civil injury, is guilty of the offense himself as principal in the first degree, and a declaration which simply charges that the defendant committed the trespass, will be sustained by proof that he incited or procured others to do it.

34—VOL. 5.

---

Cox *v.* Crumley.

---

3. EVIDENCE. *Preponderance.* In such an action, although the charges against the defendant are acts constituting a criminal offense, the general rule, applicable in civil causes, that a preponderance of evidence is sufficient to entitle the plaintiff to a verdict, obtains.

4. DAMAGES. *Vindictive.* The rule so long followed in this State, in regard to vindictive damages, will not now be disturbed.

5. NEW TRIAL. *Not granted for mere irregularity.* Where the suit was against two parties, and the record shows no disposition as to one of them, the supreme court will not reverse because the court below refused to grant a new trial or arrest the judgment.

---

FROM GREENE.

---

Appeal in error from the Circuit Court of Greene county. NEWTON HACKER, J.

H. H. INGERSOLL for Cox.

E. C. REEVES, I. E. REEVES, J. G. DEADERICK and NEWTON GRIFFITH for Crumley.

MCFARLAND, J., delivered the opinion of the court.

This action was brought by Crumley against Cox and others, in form of trespass *quare clausum fregit,* alleging personal injury in aggravation of damages. The facts being that in September, 1865, a party of armed men at night broke into the plaintff's house, and in the most ruthless and cruel manner tore him from the arms of his wife and daughter, dragged him out of his house where he finally escaped and concealed himself until morning, and in consequence of this violence, and the threats then uttered against him, he had to fly from his home and remain absent for a long space of time. During the *melee,* King, a rela-

tive of the plaintiff, then at his house, was mortally wounded, and Miller, one of the assailing party, was killed.   After various trials and other proceedings, the final verdict and judgment were in favor of the plaintiff, against the defendant Cox, for $2,500 damages, from which judgment he has appealed in error.

The first error assigned, is the alleged admission of illegal testimony.   The main question of fact in dispute was whether Cox was one of the assailing party, or responsible for their acts by reason of being one of the conspirators in getting up the party and carrying out their depredations.

To throw light upon this question, it was proven that the company was organized for the purpose of whipping and abusing certain men, the plaintiff and others; that the other persons were assaulted and abused at their own houses, on the same night, by a party of men similar to the one that abused the plaintiff, and many facts were proven to show that it was the same party, and there was also proof to show Cox's complicity in the outrages upon other parties, which, it was claimed, bore directly upon the guilt of Cox in the trespass upon the plaintiff.

The testimony of two other persons, Burson and Clark, to the effect that they were assaulted and beaten in a similar manner on the same night by the same party, and their testimony as to the persons who composed the party, and its acts and movements, is the testimony objected to.   But we are of opinion that, in the view we have indicated, it was pertinent and competent.   It tended to show the carrying out

of the conspiracy, proven by other witnesses, to whip and abuse the plaintiff, Burson and Clark, and that it was the same party, and that the persons who were implicated in one were also guilty of the other. It is not a case of proving a wholly separate and distinct trespass, throwing no light upon the issue involved, and tending only to prejudice the defendant.

The testimony of the witness, Garst, excepted to, was held competent by this court at a former term, and the judgment against the plaintiff reversed for its rejection.

The second error assigned is, that the court erred in instructing the jury that the defendant would be guilty if he incited or procured others to commit the trespass, although not personally present himself. This, it is insisted, is error, because the declaration does not allege that he incited others to commit the trespass. but charges that he did so himself.

No authority has been referred to in support of this position, and it is not confidently asserted in argument. We suppose then it would be good, even in a criminal indictment, to charge the assault and battery, and prove that the defendant incited, aided and abetted in the commission of the offense, as in such all are guilty as principals, and the same rule would apply for a stronger reason in a civil case. Whoever procures or commands another to do a crime, or commit a civil injury, is guilty of the offense himself as principal in the first degree. *Williams* v. *Gilmore*, 2 Hum., 140.

Third, it is argued that as the charge against the

defendant was of acts constituting a criminal offense, the general rule, applicable in a civil case, that a prepoderance of evidence is sufficient to entitle the plaintiff to a verdict, does not apply, but that in such case should be made out beyond a reasonable doubt, but this court held different upon the direct point, in a recent case at Jackson not yet reported. Upon this question the court was unanimous.

Fourth, it is very earnestly argued that the rule so long followed in this State, in regard to vindictive or punitive damages, is wrong in principle and ought to be overruled.

The same argument was addressed to this court in the case of *Dougherty* v. *Shown*, 1 Heis., 302. But, in reply, it was said: " We should be much inclined to give our assent to the propositions of the plaintiffs in error, were that question an open one in this State. But such is not the case. The doctrine, that in cases where the elements of fraud, malice, or gross negligence, or oppression, enter into the injury, the inter est of society and the aggrieved party are blended and the jury in such cases may award exemplary damages, has beeen too long enforced in our lower courts, and too often construed by this court, to be now disturbed." See *Johnson* v. *Perry*, 2 Hum., 569; *Williams* v. *Gilmore, Ibid.*, 140; *Polk* v. *Fancher*, 1 Head, 556; *Byrne* v. *McGuire*, 3 Head, 530; *Smith* v. *Aikin*, 2 Sneed, 436. Since that case this court has recognized the rule in a great number of cases. And while the argument against it is very strong and persuasive, it is a mistake to suppose that the rule is

entirely without reason for its support. It is sufficient to say that we cannot now disturb it.

Lastly, it is insisted that the court erred in refusing to arrest the judgment or grant a new trial, because it appears that no disposition had ever been made of the cause as to one of the original defendants, Hale. It appears that the cause was virtually abandoned as to Hale some years ago, and so understood by all parties, but no entry of record was ever made dismissing or disposing of the case as to him. The last trial was had as to Cox alone, without objection.

The case of *Hutchins* v. *Sims*, 7 Hum., 236, indicates that this would have been a fatal objection previous to the act of 1851–2, Code, sec. 4516, which forbids this court to reverse except for errors which affect the merits of the judgment decree or decision complained of." In the case of *Bentley* v. *Hurxthal*, 3 Head, 378, it appeared that Benjamin and B. F. Bentley were sued, that process was returned executed as to the former, and "not found as to the latter." Both, however, were declared against, and throughout the record, in stating the case, both are continued; the verdict of the jury was that the " *defendants* " owe the debt, but the judgment was against the " defendant."

The writ of error was prosecuted by Banjamin Bentley alone, and it was insisted that the judgment was not only void as to B. F. Bentley, but was erroneous, for the reasons stated, as to said Benjamin Bentley; and such, says Judge McKinney, " was the settled course of decision previous to the act of 1851–2,.

above referred to. It was held, however, that the rule that a judgment was an entire thing, and when void as to one is erroneous as to the other, was purely a technical rule, and was cured by the above statute, and the judgment was affirmed. The present case, while not the same, is, we think, governed by the same principle. The rule, that the failure of the record to show a disposition of the cause as to the other defendant, renders the judgment, as to the present defendant, erroneous, is also a purely technical rule. For, as said by Judge McKinney in the case referred to, a judgment may be correct in all respects as to one party, and altogether void or erroneous as to the other, or, as in this case, there may be no judgment at all as to the other. In the present case, if there be no error in the judgment against Cox, other than that no judgment was rendered as to Hale, that is not an error affecting the merits of the judgment against Cox, and the error is therefore not reversible under the above statute. The inconvenience referred to by Judge Reese, in the case first referred to, of *Hutchins* v. *Sims,* of having the cause split up and part pending in one court and part pending in the other, cannot affect the defendant against whom final judgment is rendered, and, besides, in the present case it cannot occur, as the cause as to the other defendant has really been abandoned.

For the plaintiff, Crumley, it is argued that he is entitled to judgment upon a former verdict in his favor, which, as it is insisted, was set aside by the circuit judge without sufficient cause, his action being

at the time excepted to.  The act of 1875, ch. 106, allows parties to assign error upon the action of the court in granting new trials, but as the final judgment was in the plaintiff's favor and he has not appealed from it, and as there are no errors against the defendant, it will be *affirmed*.